FILED
2017 Jan-27  PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT LEE JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  5:16-cv-00629-RDP-JEO |
| | ) | |
| HUNTSVILLE POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 10).  The plaintiff names the following defendants in the amended complaint: Huntsville Police Department, Officer Michael Curtis, Investigator K. Browning, and Sammy T's Nightclub employees Nick Strickland and Teddy Trojanowski.  (*Id.* at 1, 3).  The plaintiff seeks monetary and injunctive relief.  (*Id.* at 4, 6).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the amended complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted. *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal quotation marks omitted).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

On March 18, 2016, Sammy T's Nightclub employees Nick Strickland and Teddy Trojanowski filed a complaint with the Huntsville Police Department, alleging the plaintiff had robbed them. (Doc. 10 at 6).  Strickland and Trojanowski told police the plaintiff threatened them with a knife and took cash or property from them. (*Id*.).  The plaintiff claims both Stickland and Trojanowski lied to police and there was "no confrontation or conflict" and "nothing was taken." (*Id*.).

3

At approximately 8:00 p.m., the plaintiff was walking on Clinton Avenue, heading west, when Huntsville Police Officers stopped him. (Doc. 10 at 3). The officers approached the plaintiff on foot, shining their flashlights in his face. (*Id*. at 3-4). Officer Michael Curtis had handcuffs in his hand. (*Id*.). When the plaintiff asked Curtis what was the problem, Curtis hit the plaintiff over his right eye with the handcuffs and threw the plaintiff to the ground. (*Id*. at 4-5). Curtis then stated, "'This is the last time you will rob someone.'" (*Id*. at 5). The plaintiff claims he does not remember what happened next until emergency personnel arrived. (*Id*.).

The plaintiff was transported to the hospital and received eight sutures over his right eye. (Doc. 10 at 5). When the plaintiff left the hospital, he was taken to the Madison County Metro Jail, where he remains. (*Id*.).

The plaintiff alleges Investigator K. Browning failed to properly investigate Strickland and Trojanowski's complaint that he had robbed them. (Doc. 10 at 5). He claims Browning never interviewed or interrogated him. (*Id*.). He further claims he did not take anything from Strickland and Trojanowski and no weapon was found on his person. (*Id*.). Due to Strickland and Trojanowski's false complaint, the plaintiff contends he was wrongfully charged with robbery and imprisoned. (Doc. 10 at 5). The plaintiff, who is African-American, argues all of the defendants' actions were racially motivated. (*Id*.).

For relief, the plaintiff requests monetary damages, dismissal of the charges against him, and "charges filed against" Strickland and Trojanowski. (Doc. 10 at 4, 6).

## III. Analysis

### A. Huntsville Police Department

The plaintiff names the Huntsville Police Department as a defendant. (Doc. 10 at 1). However, the law is well established that police departments are not legal entities subject to suit under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the Huntsville Police Department is due to be dismissed.

### B. Officer Michael Curtis

On March 18, 2016, at approximately 8:00 p.m., the plaintiff was stopped by Huntsville Police Officers. (Doc. 10 at 3). The officers approached the plaintiff on foot, shining flashlights in his face. (*Id*. at 3-4). Officer Michael Curtis had handcuffs in his hand. (*Id*. at 4). The plaintiff alleges when he asked Curtis what was the problem, Curtis hit the plaintiff over his right eye with the handcuffs and threw him to the ground. (*Id*. at 4-5). The plaintiff further alleges Curtis stated, "'This is the last time you will rob someone.'" (*Id*. at 5). The plaintiff claims he does not remember what happened next until emergency personnel arrived. (*Id*.).

To the extent the plaintiff alleges Officer Curtis used excessive force against him in violation of his Fourth Amendment right to be free from unreasonable search and seizure, the plaintiff has stated sufficient facts to warrant a response from Curtis.

## C. Nick Strickland & Teddy Trojanowski

The plaintiff claims defendants Strickland and Trojanowski, who are employees of Sammy T's Nightclub, falsely accused him of robbing them.  (Doc. 14 at 5-6).  However, the plaintiff's claims against Strickland and Trojanowski are due to be dismissed.

Section 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of state action.  *See District of Columbia v. Carter*, 409 U.S. 418, 423 (1973).  Courts have recognized that Congress, in enacting § 1983, meant to give a remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his or her discretionary powers.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991).  One of the two essential elements in any § 1983 action is that the conduct complained of was committed by a person acting under color of state law.  *See Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because

the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Notwithstanding the foregoing, a private defendant may be held liable in a § 1983 action if he or she acts in concert with state officials in depriving a plaintiff of constitutional rights. *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 931-32 (1982); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980).    "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).   Moreover, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."   *Id*.    The "naked assertion" of a conspiracy without "supporting operative facts" is not sufficient to state a claim under § 1983. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The plaintiff attempting to prove a § 1983 conspiracy must show the parties "reached an understanding" to deny the plaintiff his or her rights. *Addickes v. S.H. Kress & Co*., 398 U.S. 144, 152 (1970).  A plaintiff must show some evidence of an agreement between the defendants. *Bailey v. Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir. 1992).


The plaintiff does not allege that Strickland or Trojanowski are state actors. Neither does the plaintiff allege Strickland or Trojanowski acted in concert with a

state actor to violate his constitutional rights.  Therefore, these defendants are not proper defendants for purposes of § 1983 and the plaintiff's claims against them are due to be dismissed for failure to state a claim upon which relief may be granted.

To the extent the plaintiff requests that criminal charges be initiated against defendants Strickland and Trojanowski under Alabama law for falsely accusing him of robbery, such request is due to be denied.  A private citizen has no "judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

### D. Investigator K. Browning

The plaintiff alleges Investigator K. Browning failed to conduct an appropriate investigation into Strickland and Trojanowski's claims of robbery. (Doc. 10 at 5).  The plaintiff further alleges Browning failed to interview or interrogate him.  (*Id.*).  The plaintiff contends Browning, instead, used Strickland and Trojanowski's false claims to obtain a warrant for his arrest.  (*Id.*).

Because the plaintiff was arrested pursuant to a warrant, his claims are properly ones for malicious prosecution under the Fourth Amendment, rather than for false arrest and imprisonment.  In *Heck v. Humphrey*, the United States Supreme Court distinguished false arrest from malicious prosecution, stating, "unlike the

related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process." 512 U.S. 477, 484 (1994); *see Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996) ("Here, Whiting says that Defendants applied for and obtained an arrest warrant and – based on the warrant – caused him to be unreasonably 'seized' in 1988.  He says also he was unlawfully arrested in February 1989.  Obtaining an arrest warrant is one of the initial steps of a criminal prosecution.  Under these circumstances (that is, where seizures are pursuant to legal process), we agree with those circuits that say the common law tort most closely analogous to this situation is that of malicious prosecution.") (some quotation marks omitted); *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant – even an invalid one as Carter alleges was issued here – constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.); *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) ("This Circuit 'has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort under § 1983.'") (quoting *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). Therefore, the undersigned will address the plaintiff's claims against defendant Browning as a claim for malicious prosecution, and not for false arrest and imprisonment.

"To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; *and* (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider*, 618 F.3d at 1256 (citation omitted) (emphasis in original). Concerning the first prong, "the constituent elements of the common law tort of malicious prosecution are: (1) criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id*. (quotation marks and citation omitted).

Because the plaintiff does not allege that the criminal prosecution instituted against him for robbery on March 18, 2016, has been terminated in his favor, the plaintiff's claim for malicious prosecution against defendant Browning is due to be dismissed for failing to state a claim upon which relief may be granted.

### E. Injunctive Relief

To the extent the plaintiff requests dismissal of the pending criminal charges against him, (doc. 10 at 4, 6), it is well settled that a federal court will not interfere with ongoing state criminal proceedings except under extraordinary circumstances in which the litigant has alleged, great, immediate, and irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 45-46 (1971). "*Younger* and its progeny reflect the

10

longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases – already pending in state court – free from federal interference." *Butler v. The Alabama Judicial Inquiry Comm'n, et al.*, 245 F.3d 1257, 1261 (11th Cir. 2001).  The plaintiff has alleged no extraordinary circumstances to merit interference in his criminal proceedings.

Additionally, a challenge to a pendant state criminal proceeding must be brought in a habeas corpus action after exhausting state court remedies.  *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003); *Hudson v. Hubbard*, 358 Fed. App'x 116, 119 (11th Cir. 2009). Therefore, the plaintiff's request for dismissal of pending criminal charges and release is not appropriate in an action under § 1983.

## IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the plaintiff's Fourth Amendment excessive force claim against defendant Curtis be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted.  The undersigned **FURTHER RECOMMENDS** the remaining claim against defendant Curtis be **REFERRED** to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within

fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DATED this 27th day of January, 2017.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge